IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**ONWY C. UZOIGWE,**

    *Plaintiff*,

v.                                              Civil No.: 1:23-cv-02572-JRR

**VERIZON MARYLAND LLC,** *et al.*,

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff's Motion for Substitution of Defendant Jeffrey S. Douglas. (ECF No. 88, the "Motion"). No hearing is necessary. Local Rule 105.6 (D. Md. 2023).

On September 21, 2023, *pro se* Plaintiff Onwy Uzoigwe filed the instant action against Defendants Communications Workers of America Local 2100, Jeffrey S. Douglas, and Verizon Maryland LLC. (ECF No. 1.) On November 19, 2023, Plaintiff filed an action against the same Defendants in the Circuit Court for Howard County, Maryland. (Case No. 23-cv-03489, ECF No. 3). Defendants removed the state court action to this court. (Case No. 23-cv-03489, ECF No. 1.) On May 15, 2024, in both the instant case and the removed case, Defendants filed notice of Defendant Jeffrey Douglas' death. (ECF No. 73; Case No. 23-cv-03489, ECF No. 45.) In response, Plaintiff filed the same Motion to Substitute Party in both cases. (ECF No. 74; Case No. 23-cv-03489, ECF No. 46.) Therein, Plaintiff indicated he would not extinguish his claim as against Defendant Douglas and requested substitution of Mr. Douglas' estate. *Id.* Defendants opposed the motions and argued that under Rule 25, the estate of a deceased party is not a proper party. (ECF No. 76 at p. 2; Case No. 23-cv-03489, ECF No. 48.) In an opinion in the member case, the court agreed and noted that both parties failed to identify, and effect personal service on,

Mr. Douglas' successors or personal representative. (Case No. 23-cv-03489, ECF No. 51 at p. 3-6.) The court thus ordered Defendants to serve a copy of the Notice of Death on the non-party successors or representative of Mr. Douglas and file proof of the same by June 26, 2024, and denied Plaintiff's then-pending Motion to Substitute Party. *Id.* at p. 6.

In both cases, Defendants subsequently filed correspondence documenting their unsuccessful attempts to personally serve Leslie Douglas, the personal representative of Mr. Douglas' estate. (ECF No. 84; Case No. 23-cv-03489, ECF No. 58.) By order of June 27, 2024, in the member case, the court allowed Defendants to "effect service of process upon Defendant Douglas's personal representative by mailing through trackable means a copy of the Notice of Death to her address of record" and allowing Plaintiff to effect service on Ms. Douglas by the same means. (Case No. 23-cv-03489, ECF No. 59.) Defendants served the Notice of Death upon Ms. Douglas by the alternative means identified by the court and filed proof thereof on July 12, 2024. (Case No. 23-cv-03489, ECF No. 73.) Thereafter, Plaintiff again attempted service on Ms. Douglas (Case No. 23-cv-03489, ECF No. 80) and filed proof that his Motion for Substitution was mailed to Ms. Douglas' address of record by trackable means (Case No. 23-cv-03489, ECF No. 82). On October 20, 2024, the court consolidated the two cases. (ECF No. 87.) Plaintiff's Motion to Substitute was re-docketed in the lead case. (ECF No. 88.)

Under Federal Rule of Civil Procedure 25(a),

> (1) *Substitution if the Claim Is Not Extinguished*. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed. . . .
>
> (3) *Service.* A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be

      served in the same manner. Service may be made in any judicial district.

FED. R. CIV. P. 25(a). The court may thus order substitution of a party upon a timely motion so long as the claim is not extinguished and the substituted party is a proper party. *Id.* Defendants do not allege that Plaintiff failed to satisfy the requirements of Rule 25(a). Instead, Defendants object to the properly-served Motion to Substitute on the grounds that "such a substitution would be futile because Plaintiff failed to state a claim upon which relief can be granted against Mr. Douglas." (Case No. 23-cv-03489, ECF No. 75.) The court is cognizant of Defendants' pending Motion to Dismiss (ECF No. 99) in which Defendants argue that Plaintiff fails to state a claim as against Mr. Douglas.

In view of the foregoing, it is this 3rd day of February 2025,

**ORDERED** that Plaintiff's Motion to Substitute (ECF No. 88) shall be, and is hereby, **GRANTED**;

**ORDERED** that Madam Clerk shall substitute on the docket deceased Defendant Jeffrey Douglas with his personal representative, Leslie Douglas; and further it is

**ORDERED** that Defendants need not refile their Motion to Dismiss at ECF No. 99, which the court will construe as filed in response to the substitution of the party identified above. No further briefing is required.

/S/
_____
Julie R. Rubin
United States District Judge